CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

SYDNEY SPECTOR #11232
Assistant U.S. Attorney
Room 6-100, Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii    96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email: Sydney.Spector@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | Civil No. |
|---|---|
| Plaintiff, | COMPLAINT FOR FORFEITURE; VERIFICATION OF MICHAEL LESKO |
| vs. | |
| $144,638.00 IN UNITED STATES CURRENCY, | |
| Defendant *in Rem*. | |

COMPLAINT FOR FORFEITURE

Plaintiff United States of America, by its undersigned attorneys, brings this

Complaint for Forfeiture and alleges as follows in accordance with Rule G(2) of

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (hereinafter the "Supplemental Rules"):

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States the above-captioned personal property (the "Defendant Property"). This action is brought pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of (a) moneys and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841; (b) proceeds traceable to such an exchange; and/or (c) moneys used or intended to be used to facilitate violations of 21 U.S.C. § 841. For its claims against the defendant property, the United States alleges as follows upon information and belief.

## THE DEFENDANT *IN REM*

2. The Defendant Property consists of $144,638.00 in United States currency seized by the Drug Enforcement Administration ("DEA") on or about January 27, 2023, during the execution of a federal search warrant at the residence of Frank Gonzales ("Gonzales"). The Defendant Property is currently in the custody of the United States Marshals Service for the District of Hawaii.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. 1355(b)(1).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this District.

## BASIS FOR FORFEITURE

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as moneys and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841; proceeds traceable to such an exchange; and/or moneys used or intended to be used to facilitate violations of 21 U.S.C. § 841.

## FACTS

7. In late December 2022, a confidential source informed DEA that Gonzales was a multi-ounce fentanyl and multi-pound crystal methamphetamine distributor operating in the Waianae area.

8. On or about January 26, 2023, the confidential source conducted a controlled purchase for two ounces of fentanyl for $3200.00 and a half-pound (8 ounces) of crystal methamphetamine for $2500.00 from Gonzales. The controlled buy took place in Gonzales's bedroom at Gonzales's residence, located on Kuwale Road in Waianae, Hawaii. During the transaction, the confidential source observed what appeared to be a Glock-styled pistol displayed on a table within arm reach of Gonzales.

9. Subsequent DEA testing of the controlled substances purchased on January 26, 2023 revealed that the substances were $50.1 \text{ g} \pm 0.2$ grams of fentanyl and $248.3 \text{ g} \pm 0.2$ grams of methamphetamine.

10. On or about January 27, 2023, Magistrate Judge Kenneth J. Mansfield approved a search warrant for Gonzales's residence. *See* Mag. No. 23-00107 KJM.

11. During the search of Gonzales's residence, DEA investigators, along with the Honolulu Police Department and the Honolulu County Sheriff's Office, seized, in relevant part:

      a.    approximately 4 pounds of suspected methamphetamine;

      b.    a loaded Glock-styled handgun with no serial number (a "ghost gun") and ammunition;

      c.    a black iPhone; and

      d.    $150,338.00 in U.S. Currency.

12.    All of the items, except for the 4 pounds of suspected methamphetamine and the black iPhone, were found in Gonzales's bedroom. Additionally, a scale, money counter, and many small Ziploc bags were found in Gonzales's bedroom.

13.    As to the $150,338.00 in U.S. currency, $15,350.00 was seized from a secured safe in Gonzales's bedroom. The remainder was found throughout Gonzales' bedroom near drug paraphernalia, with a large bulk of it found in a "Taquitos" box wrapped with cellophane and Christmas-themed wrapping paper.

14.    The suspected 4 pounds of methamphetamine was found in a vehicle parked near the residence, and the iPhone was found in the living room.

15.    Prior to law enforcement's entry into Gonzales's residence to execute the search warrant, Gonzales refused to cooperate and barricaded himself within his residence for approximately 40 minutes. In addition to the items mentioned above, approximately 1 gram of suspected crystal methamphetamine was seized from the toilet.

16. Subsequent DEA testing of the controlled substances seized during the search of Gonzales's residences revealed that the substances were, in fact, 1779 g ± 1 grams of methamphetamine (seized from the vehicle) and 0.348 g ± 0.002 grams of methamphetamine (seized from the toilet).

17. Gonzales was subsequently indicted and charged in a Superseding Indictment with the following violations related to the events on January 26 and 27, 2023: distributing methamphetamine and fentanyl, in violation of 21 U.S.C. § 841 (Count 1)[1]; possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841 (Count 2); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3); and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 4). *See United States v. Frank Gonzales*, Crim. No. 23-00023 SOM (D. Haw.).

18. On June 27, 2023, Gonzales was convicted on all counts following jury trial. *Id.*, ECF No. 154.

19. On July 11, 2023, the Court entered a Preliminary Order of Forfeiture, forfeiting, in relevant part, Gonzales's interest in $5,700.00 of the $150,338.00 seized during the execution of the search warrant. The $5,700.00 is the proceeds

---

[1] Count 1 specifically related to the controlled purchase, which took place on January 26, 2023.

of the distribution of methamphetamine and fentanyl charged in Count 1 of the Superseding Indictment.   A Final Order of Forfeiture was entered as to $5,700.00 on November 6, 2023.   This civil action seeks the forfeiture of the remaining seized funds ($144,638.00), which are not specifically tied to Gonzales's conviction of Count 1, and thus were not forfeitable in connection with the criminal action.

20.   A search of Gonzales's iPhone revealed Gonzales's extensive involvement in drug trafficking.   For example:

a.   On January 18, 2023, approximately a week before the Defendant Property was seized, Gonzales received a text message from someone with a California area code who identified himself as "cochis," asking Gonzales for the money owed to him and stating, "if you burn me bro just let me know and be a man."   Earlier, between July 12 and July 14, 2023, Gonzales and a California number identified as "Cochise" exchanged multiple text messages in which they discuss "Chochise" sending Gonzales narcotics, and Gonzales responding that he would be sending payment: "I'm going to send 18 hours three for the M&Ms and 15 for my goodies."   Upon information and belief, Gonzales intended to convey that he would send $18,000.00 to "Cochise" as payment for the drug-laden parcel.

b.   Between November 29, 2022 and December 22, 2022, Gonzales and someone identified as "Tee" with a California area code exchanged

multiple text messages that discussed drug-laden mail parcels sent from California to various Hawaii addresses on behalf of Gonzales, their parcel tracking numbers, Gonzales paying the sender for shipping the parcels, and Gonzales receiving the parcels.

      c.      Between January 2, 2023 and January 12, 2023, Gonzales and a Hawaii phone number ending in 9482 exchanged multiple text messages that, in summary, reflect that Gonzales had previously provided narcotics to that individual for distribution, that individual had not sold it all yet, and Gonzales was seeking to collect payment from that individual.

      d.      Between November 5, 2022 and November 15, 2022, Gonzales and a Hawaii phone number ending in 8193 exchanged multiple text messages in which the individual informs Gonzales that he has fentanyl, and Gonzales responds that he has already paid the individual $8,600.00 but hadn't received anything yet.

      e.      Between January 9, 2023 and January 22, 2023, Gonzales and an individual identified as "Ian" using Hawaii phone number ending in 1266 exchanged multiple text messages regarding "Ian" ordering drugs from Gonzales, Gonzales confirming that he is able and willing to sell narcotics to "Ian," and "Ian" informing Gonzales when he is at Gonzales' residence to purchase narcotics. For example, on January 14, 2023, "Ian" asks, "Can I get 80[?]", which, upon information and belief, refers to $80.00 worth of a narcotic. A few days later, on

January 20, 2023, "Ian" asks for "160," which, upon information and belief, refers to $160.00 worth of a narcotic.

21. Gonzales has no known legitimate source of income.

22. By reason of these premises, there are reasonable grounds to believe that the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that:

1. Notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant Property;

2. The Clerk of the Court issue a warrant for the arrest *in rem* and seizure of the Defendant Property;

3. The Defendant Property be forfeited and condemned to the United States of America;

4. Plaintiff be awarded its costs and disbursements in this action; and

//

//

//

//

//

//

     5.     The Court award such other and further relief as this Court deems just and proper.

     DATED:    March 15, 2024, at Honolulu, Hawaii.

          CLARE E. CONNORS
          United States Attorney
          District of Hawaii

              Sydney Spector
          By  _____
             SYDNEY SPECTOR
             Assistant U.S. Attorney

          Attorneys for Plaintiff
          UNITED STATES OF AMERICA