IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. NO. 24-00124 SOM-WRP |
| Plaintiff, | ) ) ) | ORDER DENYING CLAIMANT FRANK GONZALES'S MOTION TO DISMISS |
| vs. | ) ) ) | |
| $144,638 IN UNITED STATES CURRENCY, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER DENYING CLAIMANT FRANK GONZALES'S MOTION TO DISMISS**

**I.      INTRODUCTION.**

In January 2023, Frank Gonzales sold 2 ounces of fentanyl and 8 ounces of crystal methamphetamine to a source for $5,700.00 from his bedroom.  Law enforcement obtained a search warrant for his residence, seizing 4 pounds of methamphetamine from Gonzales's vehicle; a black iPhone from his living room; and a Glock-style handgun with no serial number, $150,338.00 in U.S. currency, a scale, a money counter, and many small Ziploc bags from his bedroom.  Gonzales was convicted of drug crimes with respect to the controlled buys and criminally forfeited $5,700.00 of the $150,338.00 seized.  The Government indicated in the criminal case that it would seek the remainder, $144,638.00, via this civil forfeiture proceeding.

Pursuant to Rule 12(b)(6) of the federal Rules of Civil Procedure, Gonzales, proceeding *pro se*, seeks dismissal of the Complaint for civil forfeiture, arguing that it is barred by res judicata and that it fails to state a claim.  *See* ECF No. 14.  The court disagrees and denies the motion without a hearing pursuant to Local Rule 7.1(c) ("Unless specifically required, the court may decide all matters, including motions, petitions, and appeals, without a hearing.").

**II.       STANDARD.**

Under Rule 12(b)(6), the court's review is generally limited to the contents of the complaint.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered in ruling on a Rule 12(b)(6)

motion to dismiss.  *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

3

not do." *Twombly*, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.     BACKGROUND.

In December 2022, a source told law enforcement that Gonzales was a multi-ounce fentanyl and multi-pound crystal methamphetamine distributor. On January 26, 2023, that source participated in controlled purchases of drugs from Gonzales, which took place in his bedroom. Gonzales sold the source 2 ounces of fentanyl for $3,200 and 8 ounces of crystal methamphetamine for $2,500. During the transaction, the source saw a Glock-style pistol on a table near Gonzales. *See* Complaint, ECF No. 1, PageID # 4.

The next day, Magistrate Judge Kenneth J. Mansfield issued a search warrant for Gonzales's residence in Magistrate No. 23-00107 KJM. Pursuant to the search warrant, law enforcement seized 4 pounds of methamphetamine from a vehicle near the residence; a black iPhone from the living room of the residence; and $150,338.00, a Glock-style handgun with no serial number, a scale, a money counter, and many small Ziploc bags from the bedroom of the residence. With respect to the cash, $15,350

4

was found in a safe in the bedroom, with the remainder found throughout the bedroom. The bulk of it was found in a "Taquitos" box wrapped with cellophane and Christmas wrapping paper. *Id.*, PageID #s 4-5.

When law enforcement first attempted to execute the search warrant, Gonzales barricaded himself in his residence for approximately 40 minutes. Law enforcement found and seized about 1 gram of crystal methamphetamine from a toilet in the residence. *Id.*, PageID # 5.

In a Superseding Indictment dated May 18, 2023,[1] Gonzales was charged with: (1) distributing methamphetamine and fentanyl (Count 1, which relates to the controlled buy on January 26, 2023); (2) possessing methamphetamine (Count 2); (3) possessing a firearm in furtherance of a drug trafficking (Count 3); and being a felon in possession of ammunition (Count 4). In June 2023, Gonzales was convicted on all counts via a jury trial. *Id.*, PageID # 6.

On July 11, 2023, the court entered a Preliminary Order of Forfeiture, forfeiting Gonzales's interest in $5,700.00 of the $150,338.00.[2] *Id.* On November 6, 2023, the court entered a

---

[1] The court takes judicial notice of the date of the Superseding Indictment in *United States v. Frank Gonzales*, Crim. No. 23-00023 SOM.

[2] The court takes judicial notice that the Government sought forfeiture of the $150,338.00 in a Bill of Particulars for Forfeiture of Property filed on June 18, 2023. *See* Crim. No. 23-

5

Final Order of Forfeiture with respect to the $5,700.00. *See id.*, PageID #s 6-7. The present civil forfeiture action seeks the remaining seized funds ($150,388.00 - $5,700.00 = $144,638.00). *See id.*, PageID # 7.

According to the Complaint, the seized iPhone contained evidence that Gonzales was distributing drugs. For example, in July 2023, Gonzales and "Cochise" purportedly sent and received text messages discussing the exchange of narcotics for money. *See id.* In November 2022, Gonzales and "Tee" purportedly sent and received text messages discussing parcels of drugs being sent from California to Gonzales in Hawaii. *See id.*, PageID #s 7-8. In January 2023, Gonzales purportedly sent and received text messages discussing previous sales of narcotics and asking his buyer for payment. *See id.*, PageID # 8. Also in January 2023, Gonzales and "Ian" purportedly sent and received text messages discussing the sale of drugs. *See id.*, PageID #s 8-9.

The Complaint alleges that Gonzales has no known legitimate source of income. *See id.*, PageID # 9.

---

00023 SOM, ECF No. 130, PageID # 837. The court also takes judicial notice of the Government's Motion for Entry of Preliminary Order of Forfeiture, a motion later limited to forfeiting $5,700.00 of the seized $150,338.00. The motion stated that the Government intended to file a civil forfeiture action with respect to the rest. *See* Crim. No. 23-00023 SOM, ECF No. 160, PageID # 1022.

6

**IV.     ANALYSIS.**

Gonzales seeks dismissal of the present Complaint for civil forfeiture of the remaining $144,638.00 seized from his bedroom, arguing that it is barred by res judicata and that it fails to state a claim. Neither argument is persuasive, and the motion to dismiss is therefore denied.

**A.     The Complaint is Not Barred by Res Judicata.**

Gonzales first seeks dismissal of the Complaint on the ground that the forfeiture with respect to $144,638.00 was previously determined against the Government in his criminal case. Gonzales misconstrues the record.

In moving for a preliminary order of forfeiture in Gonzales's criminal case, the Government did not seek a criminal forfeiture of the entire $150,388.00 seized from Gonzales's bedroom. Instead, the Government sought forfeiture of only $5,700.00, which corresponded to the sales proceeds from the controlled buy at issue in Count 1 of the Superseding Indictment. *See* Complaint, ECF No. 1, PageID #s 6-7.

The court takes judicial notice of the filings in the criminal case. Pursuant to 21 U.S.C. § 853, the Superseding Indictment had sought forfeiture of "any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any and all property used, or intended to be used, in any manner or part, to

7

commit, or to facilitate the commission of, such offense." *See* Superseding Indictment, Crim. No. 23-00023 SOM, ECF No. 60, PageID # 309.  Gonzales was convicted of drug crimes under 21 U.S.C. § 841.  Section 853(a)(1) required this court to order that Gonzales forfeit "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation."  Because Gonzales was convicted in Count 1 with respect to the controlled drug buys, the court was required to order that the proceeds of those sales ($5,700.00) be forfeited.  However, the remaining $144,638.00 found in Gonzales's bedroom did not constitute proceeds of the drug crimes for which he was convicted (or property derived therefrom).  Accordingly, those funds were not necessarily forfeitable pursuant to § 853(a)(1), and the Government chose to pursue a civil forfeiture of the funds in this action.

Gonzales is incorrect in asserting that the forfeiture issue with respect to the remaining $144,638.00 was disposed of in his earlier criminal case.  Res judicata applies when there is an identity of claims, a final judgment on the merits, and privity between the parties.  *See United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).  There was no final judgment on the merits issued with respect to the $144,638.00.  Res judicata is therefore inapplicable.

The court recognizes that in *Liquidators of European*

8

*Federal Credit Bank*, the Ninth Circuit explained that, although the Government's aim in both criminal *in personam* forfeiture proceedings and civil *in rem* forfeiture proceedings is forfeiture of property, those proceedings differ in one important way.  In a criminal forfeiture proceeding, the Government must prove culpability relating to the underlying crime beyond a reasonable doubt.

However, in a civil forfeiture proceeding, the Government must prove culpability only by a preponderance of the evidence.  "For that reason, if the government's criminal prosecution of the property owner fails, that failure does not prevent the government from pursuing civil forfeiture.  The government may pursue civil forfeiture even after a failed criminal prosecution."  *Id.* (citation omitted); *see United States v. Dunn*, 802 F.2d 646, 647 (2d Cir. 1986) (holding that res judicata and collateral estoppel do not bar a civil forfeiture action with respect to the same $28,500 for which a criminal forfeiture claim was unsuccessful); *see also United States v. One Assortment of 93 NFA Regulated Weapons*, 897 F.3d 961, 968 (8th Cir. 2018) (stating that acquittal in a criminal case does not bar a civil forfeiture proceeding given the differing burdens of proof); *United States v. Real Prop. Located at 2323 Main St., Irvine, California*, 2023 WL 2817354, at *6 (C.D. Cal. Mar. 22, 2023) (holding that a decision to drop criminal forfeiture

9

proceedings against certain property does not have any preclusive effect on civil forfeiture proceedings with respect to the same property).

In his Reply, ECF No. 18, Gonzales argues that the present civil forfeiture action is barred because the claim could have been brought in the criminal action. He is unpersuasive, as he does not establish that the $144,638.00 at issue here could have been criminally forfeited in the earlier criminal case. For purposes of this motion to dismiss, the court must assume the factual allegations in the Complaint to be true, including its allegation that the $144,638 was not tied to Gonzales's conviction on Count 1 and was therefore not forfeitable in the criminal action. *See* ECF No. 1, PageID # 7. Moreover, the money at issue in this civil action has not been directly tied to any count in the criminal case, including the 4 pounds of methamphetamine at issue in Count 2 and the firearm and ammunition charges at issue in Counts 3 and 4.

**B.    The Complaint Asserts a Viable Claim.**

The Complaint seeks civil forfeiture of the $144,638.00 pursuant to 21 U.S.C. § 881(a)(6). *See* ECF No. 1, PageID # 2. That subsection states:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> . . . .

10

>     (6) All moneys, negotiable instruments,
> securities, or other things of value
> furnished or intended to be furnished by any
> person in exchange for a controlled substance
> or listed chemical in violation of this
> subchapter, all proceeds traceable to such an
> exchange, and all moneys, negotiable
> instruments, and securities used or intended
> to be used to facilitate any violation of
> this subchapter.

21 U.S.C. § 881(a)(6).

Civil forfeiture actions are governed by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  *See United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015).  Supplemental Rule G(2)(f) requires that a civil forfeiture complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Fed. R. Civ. P. Supp. R. G(2)(f).  The Ninth Circuit explained that, while more demanding than notice pleading, this is not an onerous standard: "a complaint must state the circumstances giving rise to the forfeiture claim with sufficient particularity that the claimant can commence a meaningful investigation of the facts and draft a responsive pleading and permit a reasonable belief for pleading purposes that the property in question is subject to forfeiture." *Aguilar*, 782 F.3d at 1108-09 (quotation marks, citations, and alterations omitted).

The Complaint in this matter satisfies this pleading

11

standard. It asserts that the seized $144,638.00 is money intended to be used in exchange for a controlled substance, proceeds from such an exchange, and/or money used or intended to be used for illegal drug transactions. *See* ECF No. 1, PageID # 3. The Complaint alleges that the seized $144,638.00 was found in Gonzales's bedroom during the execution of a search warrant following a controlled buy of fentanyl and methamphetamine in that bedroom. That controlled buy occurred after an informant told law enforcement that Gonzales was a multi-ounce fentanyl and multi-pound crystal methamphetamine drug distributor. At the time the $144,638.00 was seized, law enforcement also seized 4 pounds of methamphetamine, a black iPhone, a Glock-styled handgun with no serial number, a scale, a money counter, and many small Ziploc bags. While some money was located in a safe in the bedroom, the bulk of it was found in a "Taquitos" box that was wrapped in cellophane and Christmas wrapping paper. A search of the iPhone showed text messages purportedly indicating that Gonzales was involved in the sale and distribution of illegal drugs. Additionally, Gonzales prevented law enforcement from entering his residence for long enough for him to have flushed drugs down the toilet, which was found to contain drugs.

Given these factual allegations, this court concludes that the Complaint sufficiently alleges that the $144,638.00 was either intended to be used to buy illegal drugs, constituted

proceeds from the sale of illegal drugs, or was money used or intended to be used to facilitate drug transactions. This court rules that the Complaint satisfies the pleading standard based on these allegations.

Gonzales says that, on June 6, 2023, this court denied the Government's motion in limine in Gonzales's criminal case to admit certain recordings and text messages. Gonzales represents that this court stated, "[j]ust because a text was sent from the Defendant's phone does not necessarily mean that he sent it." This court has reviewed the transcript of that proceeding and did not find that quotation. *See* Crim. No. 23-00023 SOM, ECF No. 193. But even assuming that this court made that statement, the Complaint in this matter is not thereby rendered subject to dismissal. In adjudicating the present motion to dismiss, the court must assume the facts alleged in the Complaint to be true. This order does not end this case. It instead allows the case to proceed. At trial, Gonzales may argue to the trier of fact that he did not send or receive a particular text message. However, for purposes of this motion to dismiss, that argument is unavailing.

Similarly, the court is unpersuaded by Gonzales's argument that he had a legitimate source of income that can explain the cash in his bedroom. For purposes of the present motion, it is sufficient that the Complaint alleges that the cash

13

was derived from or intended to be used for or to facilitate drug transactions.

**V.      CONCLUSION.**

The court denies the motion to dismiss.

It is so ordered.

DATED: Honolulu, Hawaii, July 8, 2024.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. $144,638.00 in United States Currency, Civ. No. 24-00124 SOM-WRP; ORDER DENYING CLAIMANT FRANK GONZALES'S MOTION TO DISMISS