IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$144,638.00 IN UNITED STATES CURRENCY,<br><br>Defendant. | Case No. 24-cv-00124-DKW-WRP<br><br>**ORDER DENYING CLAIMANT FRANK GONZALES' APPEAL OF U.S. MAGISTRATE'S ORDER DENYING GONZALES' MOTION FOR JURY TRIAL** |

Pending before the Court is Claimant Frank Gonzales' appeal of the March 28, 2025 Order of the assigned U.S. Magistrate Judge denying Gonzales' motion for jury trial. Liberally construed, Gonzales, who is proceeding without counsel, raises the following arguments: (1) he has a right to a jury trial under the Seventh Amendment in this civil asset forfeiture matter, any waiver of which must be intelligent, voluntary, and knowing; (2) he demanded a jury trial in a February 7, 2025 "confidential settlement statement"; and (3) there is a "gross disparity in bargaining power" between himself and Plaintiff the United States of America. For the reasons set forth more fully below, none of Gonzales' arguments provide

any reason to reconsider the decision of the Magistrate Judge or otherwise allow Gonzales a jury trial under the circumstances presented.[1]

In a civil asset forfeiture case, such as this one, "[t]rial is to the court unless any party demands trial by jury under [Federal Rule of Civil Procedure] 38." Supp. R. Admiralty or Maritime Claims & Asset Forfeiture Actions G(9).  In turn, Rule 38 provides that a party may demand a jury trial by serving a written demand on any other party "no later than 14 days after the last pleading directed to the issue is served[]" and filing the same in accordance with Federal Rule of Civil Procedure 5(d).  Fed.R.Civ.P. 38(b).  Further, pursuant to Rule 38(d), a "party waives a jury trial unless its demand is properly served and filed."

The Magistrate Judge found that Gonzales had not complied with Rule 38's 14-day time limitation because the "last pleading", Gonzales' Answer, was filed on September 12, 2024, while his jury-trial demand was not filed until December 20, 2024—99 days later.  Dkt. No. 47 at 3.  In this appeal, as he did before the Magistrate Judge, Gonzales again contends that the "last pleading" was not his Answer, but, instead, a "confidential settlement statement" he purportedly filed on February 7, 2025—*after* his jury-trial demand.  Dkt. No. 58 at 4.  For the reasons

---

[1]The Court reviews pretrial matters determined by a U.S. Magistrate Judge, such as Gonzales' motion for jury trial, pursuant to a "clearly erroneous or contrary to law[]" standard of review. 28 U.S.C. § 636(b)(1)(A).

2

explained by the Magistrate Judge, the Court disagrees. Specifically, pursuant to Federal Rule of Civil Procedure 7(a), a "confidential settlement statement" is <u>not</u> one of the seven papers properly characterized as a pleading nor does Gonzales offer any other authoritative source that holds otherwise.[2] As a result, the settlement statement did not reset Rule 38(b)'s clock and, thus, Gonzales' jury-trial demand was untimely.

To the extent Gonzales' appeal can be construed as raising a constitutional argument to Rule 38's requirements, the Ninth Circuit Court of Appeals has rejected any such argument. *See Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 674 (9th Cir. 1975) ("The waiver provisions of Rule 38 are constitutional."); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1984) ("Failure to file within the time provided constitutes a waiver of the right to trial by jury."), *abrogated on other grounds as stated in Sterio v. HM Life*, 2010 WL 750032, at *2 n.1 (9th Cir. Mar. 4, 2010).

Finally, in his appeal, as he did before the Magistrate Judge, Gonzales asserts that there is a "gross disparity in bargaining power" between himself and

---

[2]And, putting aside the meaning of a "pleading" in federal court, Gonzales provides no evidence that his confidential settlement statement was served on the government or filed in accordance with Rule 5(d), as Rule 38(b) requires. *See, e.g.,* Dkt. No. 43 (Magistrate Judge's docketing note, stating that "[t]he parties, including the United States, *neglected* to submit Confidential Settlement Statements….") (emphasis added).

3

the government. Dkt. No. 58 at 4-5. As the Magistrate Judge observed, however, any such disparity is irrelevant to the instant matter of whether Gonzales complied with Rule 38. Dkt. No. 47 at 4. Specifically, even if there was a "gross disparity in bargaining power" between himself and the government, Gonzales provides no explanation of how that would have any bearing on whether he timely complied with Rule 38, something that was entirely within his own power to control. Moreover, to the extent this line of argument can be construed as appealing to the discretion of this Court to excuse the requirements of Rule 38, "[t]hat discretion is narrow . . . and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Blau*, 748 F.2d at 1357.

For all these reasons, Gonzales' appeal, Dkt. No. 48, is DENIED.

IT IS SO ORDERED.

Dated: June 27, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge